UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN A. WHITE III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-346 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner John Anderson White, III is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He was convicted of possession of a controlled substance in the 182nd Judicial District Court of Brazos County, Texas, and sentenced to 50 years imprisonment.

White's petition contends that the State violated his rights by failing to properly credit his accrued good time credits and release him based on that accrued time. He does not challenge his conviction or sentence.

I.  Background

White's petition concerns calculation of his accumulated time credits. He does not challenge his conviction or sentence. Therefore, a detailed discussion of the facts of his crime and trial is not necessary.

White is serving his sentence for a crime committed on December 6, 1991. SH-03 at 19. He filed a time credit dispute resolution complaint with the TDCJ Classification and Records Department (CRD) on April 5, 2012, contending that he was improperly denied "bonus time credits." *Id.* at 34. The CRD responded on April 18, 2012, informing White

that he was not eligible to earn bonus time since he was not convicted under the law in effect under the 65th legislature, which provides for bonus time. *Id.*

On September 25, 2012, White filed an application for a state writ of habeas corpus. *Id.* at 12. He argued that he was entitled to release from TDCJ on September 24, 2012, but that TDCJ failed to award him bonus credits he earned by participating in "assigned work or school programs." *Id* at 6. The Texas Court of Criminal Appeals ("TCCA") denied his application on December 12, 2012. *Id.* at cover.

White filed this federal petition on January 30, 2013. On September 27, 2013, respondent moved for summary judgment. Petitioner has not responded to the motion.

II.     The Applicable Legal Standards

    A.     The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

    B.     The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v.*

*Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III.    Analysis

    A.    Time Calculation

A prisoner has a liberty interest in earned good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974). Thus, the loss of such earned credit implicates a prisoner's due process rights.

In connection with White's state habeas corpus proceeding, Charley Valdez, a Program Supervisor for the TDCJ CRD, submitted an affidavit. Valdez attests that he reviewed the relevant records, and set out the calculations of White's projected mandatory release date based on his time served, accrued good time and work time credits, as well as time forfeited due to disciplinary infractions. Based on these numbers, Valdez listed a projected release date of February 18, 2016. Valdez also states that White was informed, in response to his time credit dispute, that he was not sentenced under the 65th legislature, and

was not entitled to bonus time.  SH-03 at 33-34.  The state trial court found that White's time was properly calculated and credited, *id.* at 37, and the TCCA denied the writ without written order, *id.* at cover.  White now argues that Valdez' calculations are inaccurate because the 72nd legislature passed legislation increasing the amount of time he can accrue each month, and because Valdez fails to account for seven years of accrued good time credit.

1. <u>Procedural Default</u>

In his state application, White made no mention of the allegedly missing seven years of good time credit.  He also cited the 70th legislature not, as in this federal petition, the 72nd legislature.  Respondent argues that the claims presented in this federal petition were therefore not presented to the state habeas court.

AEDPA requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief."  *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

Petitioner's state habeas application made no mention of seven years of good time credit that was unaccounted for, and relied on a different statutory basis for his claims that his time was miscalculated. The exhaustion requirement "is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court." *Vale v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983) (footnote omitted). Because Petitioner did not present his current claim to the Texas state courts, he has failed to properly exhaust the claim, and this Court may not consider it. *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989).

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed without prejudice, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a result in this case, however, would be futile because Petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court to which a petitioner must present his claims to satisfy the exhaustion requirement would now find the unexhausted claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX.CODE CRIM.PROC.ANN. art. 11.071 § 5(a) (Vernon Supp. 2002). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner does not claim that he could not have presented the claim in his direct appeal or his state habeas petition because the factual basis for the claim did not exist, or that he is actually innocent. Therefore, Petitioner's unexhausted claim does not fit within the exceptions to the successive writ statute and would be procedurally defaulted in the Texas courts. *Coleman*, 501 U.S. at 735 n.1. That bar precludes this Court from reviewing Petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default, or that this Court's refusal to review the claim will result in a fundamental miscarriage of justice. *Id.* at 750. Petitioner makes no such showing.

    2.    <u>Time Calculation</u>

While White alleges that the TDCJ used incorrect standards to calculate his credits, he makes no showing that the state habeas court was incorrect in its conclusion that the TDCJ's calculations are correct. As discussed above, a state habeas court's findings are presumed correct. To overcome that presumption, the petitioner must show that the state habeas court's conclusion was based on an unreasonable determination of the facts based on the evidence presented in state court. White makes no such showing. Accordingly, the state

court's conclusions are entitled to deference under the AEDPA, and White is not entitled to relief.

IV.   Conclusion

For the foregoing reasons, White fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

V.   Certificate of Appealability

White has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another

court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered White's claim. The Court finds that the claim is foreclosed by clear, binding precedent. This Court concludes that under such precedents, White has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that White is not entitled to a certificate of appealability.

VI.   Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent William Stephens' motion for summary judgment (Dkt. No. 15) is GRANTED;

2. Petitioner John Anderson White, III's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 2nd day of September, 2014.

_____

Kenneth M. Hoyt
United States District Judge